## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   1:21-cv-01122

FAITHE GORMAN-SMITH

     Plaintiff,

v.

COORSTEK, INC

     Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Faithe Gorman-Smith ("Plaintiff" or "Ms. Gorman-Smith"), by and through her undersigned counsel LOWREY PARADY LEBSACK, LLC, submits this Complaint and Jury Demand against Defendant CoorsTek, Inc. ("Defendant" or "CoorsTek") as follows:

### INTRODUCTION

1.     In this employment action, Plaintiff Faithe Gorman-Smith brings claims against her former employer CoorsTek for sex and age discrimination and retaliation for engaging protected activity in opposition to sex discrimination.

2.     Ms. Gorman-Smith was hired by CoorsTek on June 25, 2017, as the Director of Corporate Communications. She was 44 years old. Ms. Gorman-Smith reported to Chief People and Systems Officer Ms. Irma Lockridge. From the beginning of Ms. Gorman-Smith's employment Ms. Lockridge expressed her displeasure with the fact that the majority of the people reporting to her were older women and her preference toward younger male employees. Ms. Lockridge openly expressed her irritation regarding the make-up of her team

1

and treated the older female employees unfairly and differently from how she treated the younger male employees. Ms. Lockridge had a method of undermining her older female reports, and terminating older female employees, especially those who expressed their concern about her gender and age bias. Ms. Gorman-Smith was one such target. After a year and a half of good performance, praise and exceptional work, Ms. Gorman-Smith voiced concerns about the deliberate hiring of a young male employee over female candidates and at a salary that was far above that of an older female employee who had more experience. In response to Ms. Gorman-Smith's complaints of gender bias, on February 28, 2019 Ms. Lockridge terminated Ms. Gorman-Smith.

3.      Ms. Gorman-Smith asserts claims of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, and for age discrimination and retaliation in violation of the Age Discrimination in Employment Act.

## PARTIES

4.      Plaintiff Faithe Gorman-Smith is, and was at all times material hereto, a citizen of the United States of America and the State of Colorado.

5.      Ms. Gorman-Smith was employed by CoorsTek from June 25, 2017 to February 28, 2019.

6.      Ms. Gorman-Smith is currently 48 years old.

7.      Defendant CoorsTek Inc. is a Delaware corporation registered to do business in Colorado, with a principal place of business at 14143 Denver West Parkway, Suite 400, Golden, CO 80401.

8.      CoorsTek employs more than 300 employees.

9.      At all times material hereto, Ms. Gorman-Smith was an "employee" employed by CoorsTek in the State of Colorado within the meaning of 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e(f).

## JURISDICTION and VENUE

10.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(3) and (4), which grant original jurisdiction to the Federal District Court in actions which arise under federal civil rights laws.  Specifically, this Court has jurisdiction pursuant to the enforcement provisions of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

11.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3), as all of the events giving rise to the claims asserted herein occurred in the District of Colorado of the United States of America.

## ADMINISTRATIVE EXHAUSTION

12.      Ms. Gorman-Smith timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 541-2020-00851, on December 20, 2019.

13.      Ms. Gorman-Smith received her Notice of Right to Sue from the EEOC on January 27, 2021.

14.      Plaintiff has exhausted all administrative remedies and this action is timely filed.

## GENERAL ALLEGATIONS

15.     Ms. Gorman-Smith began her employment at CoorsTek on June 25, 2017 as Director of Corporate Communications.

16.     Although Ms. Gorman-Smith's position primarily supported the company's Operations function, she reported to Irma Lockridge, CoorsTek's Chief People and Systems Officer.

17.     Ms. Gorman-Smith performed her job well and received positive feedback from CoorsTek management team.

18.     Almost immediately during her tenure at CoorsTek, Ms. Gorman-Smith noticed that Ms. Lockridge demonstrated a preference toward younger male employees.

19.     Ms. Lockridge's team was made up primarily of older women.

20.     Ms. Lockridge did not hesitate to voice her irritation regarding the fact that her team was made up of older women.

21.     On many occasions Ms. Gorman-Smith witnessed Ms. Lockridge treat older female employees unfairly and differently from how she treated younger male employees.

22.     On many occasions Ms. Gorman-Smith witnessed Ms. Lockridge undermine older female employees by going around them and going directly to their younger male subordinates.

23.     Ms. Lockridge's disparaging and discriminatory treatment of older women, including Ms. Gorman-Smith, made Ms. Gorman-Smith uncomfortable but she continued to do her best in her role and to avoid confrontation with Ms. Lockridge.

24.     In December 2017, Ms. Gorman-Smith received an excellent performance review.

25.     Ms. Gorman-Smith met or exceeded expectation in every category in her 2017 performance review.

26.     Ms. Gorman-Smith was rated a "Solid Performer" in her 2017 performance review.

27.     In October 2018, CoorsTek hired Jennifer Pfleeger (female over 40 years old) as a Senior Communications Specialist.

28.     Ms. Pfleeger reported to Ms. Gorman-Smith.

29.     Ms. Pfleeger's salary was $79,500 per year.

30.     Ms. Pfleeger had over 20 years of experience as a communications professional prior to joining CoorsTek.

31.     Ms. Pfleeger immediately demonstrated proficiency in the role.

32.     Ms. Gorman-Smith believed Ms. Pfleeger was being paid under market value for her position and proactively sought to have her salary increased to more accurately reflect her position.

33.     Ms. Lockridge denied Ms. Gorman-Smith's request to increase Ms. Pfleeger's pay and told her to wait until the merit increase process the following year.

34.     In December 2018 CoorsTek began developing a role for an additional Senior Communications Specialist.

35.     In January 2019 CoorsTek began the recruiting process for the Senior Communications Specialist.

36.     When Ms. Gorman-Smith discussed with Ms. Lockridge the qualifications and skills they were seeking for that role, Ms. Lockridge stated, "We also need to find a man. There's too much female drama going on here."

37.     Ms. Gorman-Smith told Ms. Lockridge she disagreed with that notion and suggested that they focus on finding the best candidate.

38.     This was not the first time Ms. Lockridge expressed a preference for men over women. She often complained about the alleged "extra effort" and "drama" associated with managing a team of women.

39.     A younger male was determined to be the best candidate for the Senior Communications Specialist position.

40.     The male candidate requested a salary of $105,000.

41.     This salary was well above the range of pay that was established for the position and Ms. Gorman-Smith did not believe it was justified based upon the male candidates level of experience.

42.     Ms. Gorman-Smith complained to Ms. Lockridge that hiring the male candidate at a salary which was more than 30% higher than Ms. Pfleeger's was not only inappropriate in light of their relative experience but could constitute gender discrimination and a violation of the Equal Pay Act.

43.     Ms. Gorman-Smith shared her concerns with other members of the HR team involved in the hiring.

44.     Lori Murin, Senior Director of Talent Acquisition, reported to Ms. Lockridge and was also a female over the age of 40 years old.

45.     Lori Murin had similar concerns which she expressed to Ms. Lockridge.

46.     Upon information and belief, Lori Murin was also targeted by Ms. Lockridge and discriminated against and terminated by Ms. Lockridge.

47.     Ms. Lockridge insisted upon hiring the male candidate despite Ms. Gorman-Smith's concerns.

48.     On February 21, 2019, Ms. Lockridge attempted to silence Ms. Gorman-Smith by agreeing that she could adjust Ms. Pfleeger's salary in the next few months to align with the new male employee's compensation.

49.     On February 22, 2019, the male candidate was offered the position.

50.     On week later, on February 28, 2019, Ms. Gorman-Smith was presented with a scathing performance review that alleged numerous alleged performance deficiencies that had never been previously raised.

51.     On February 28, 2019, Ms. Lockridge terminated Ms. Gorman-Smith's employment with CoorsTek, telling her she was "not a good fit."

52.     Upon information and belief, in the months after Ms. Gorman-Smith's termination, Ms. Pfleeger's salary was not increased as previously promised to Ms. Gorman-Smith.

53.     Upon information and belief, after Ms. Gorman-Smith's termination other older female employees on Ms. Lockridge's team were also targeted and terminated by Ms. Lockridge causing an internal investigation into CoorsTek's practices.

54.     CoorsTek's actions constitute illegal discrimination against Ms. Gorman-Smith as an older woman and illegal retaliation against Ms. Gorman-Smith for her complaints of gender discrimination.

## <u>FIRST CLAIM FOR RELIEF</u>
(Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964)

55.     Plaintiff incorporates all allegations in this Complaint and Jury Demand into this First Claim for Relief.

56.     As a woman, Plaintiff is and at all material times was a member of a class of persons protected from unlawful sex discrimination by Title VII.

57.     At all material times, Plaintiff was qualified for her position with CoorsTek.

58.     At all material times, Plaintiff performed her position satisfactorily.

59.     As described in this Complaint and Jury Demand, CoorsTek subjected Plaintiff to less-favorable terms and conditions of employment because of her sex, including but not limited to subjecting Plaintiff to disproportionate scrutiny, holding Plaintiff to higher standards than her male peers, subjecting Plaintiff to undeserved discipline, and terminating Plaintiff's employment without basis.

60.     The effect of Defendant's practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment status because of her sex and because of her complaints of discrimination.

61.     Defendant's unlawful employment practices were intentional.

62.     Defendant engaged in the unlawful employment practices described above with malice or with reckless indifference to Plaintiff's federally-protected civil rights.

63.     Defendant's unlawful acts toward Plaintiff have caused and continue to cause Plaintiff damages and injuries, including pain and suffering, inconvenience, emotional distress, humiliation, embarrassment, impairment of quality of life, past and future economic losses, including loss of earnings and loss of earning capacity, and other losses.

## SECOND CLAIM FOR RELIEF
(Retaliation in Violation of Title VII of the Civil Rights Act of 1964)

64.     Plaintiff incorporates all allegations in this Complaint and Jury Demand into this Second Claim for Relief.

65.    Plaintiff engaged in protected activity under Title VII on several occasions during her employment by (a) verbally complaining to Ms. Lockridge about paying an older female employee under market value; (b) verbally objecting to Ms. Lockridge's preferential treatment towards younger male candidates for employment in the position of Senior Communications Specialist; and (c) by verbally complaining to Ms. Lockridge about hiring a younger male with less experience at a higher salary than an older female with more experience.  In doing so, Plaintiff opposed sex discrimination against an individual employee and opposed sex discrimination in hiring at CoorsTek, practices made unlawful by Title VII.

66.    Defendant knew that Plaintiff had engaged in protected activity under Title VII by complaining about sex discrimination in hiring and pay.

67.    After Plaintiff objected to the discriminatory practices at CoorsTek Defendant retaliated against Ms. Gorman-Smith, subjecting Plaintiff to undeserved discipline, and terminating Plaintiff's employment without basis. Plaintiff's discipline and termination by Defendant was directly causally related to her repeated engagement in protected activity.

68.    A reasonable employee would find undeserved discipline and termination of employment, to be materially adverse employment actions.

69.    The effect of Defendant's practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment status because of her sex and because of her complaints of discrimination and retaliation.

70.    Defendant's unlawful employment practices were intentional.

71.    Defendant engaged in the unlawful employment practices with malice or with reckless indifference to Plaintiff's federally-protected civil rights.

72.     Defendant's unlawful acts toward Plaintiff have caused and continue to cause Plaintiff damages and injuries, including pain and suffering, inconvenience, emotional distress, humiliation, embarrassment, impairment of quality of life, past and future economic losses, including loss of earnings and loss of earning capacity, and other losses.

**THIRD CLAIM FOR RELIEF**
(Age Discrimination, ADEA, 29 U.S.C. § 621 *et seq.*)

73.     Plaintiff incorporates all allegations in this Complaint and Jury Demand into this Third Claim for Relief

74.     Ms. Gorman-Smith was at all relevant times over 40 years old and within the class protected by the ADEA.

75.     Defendant CoorsTek is an employer, and was Ms. Gorman-Smith's employer, for purposes of the ADEA.

76.     At all material times, Plaintiff was qualified for her position with CoorsTek.

77.     At all material times, Plaintiff performed her position satisfactorily.

78.     As described in this Complaint and Jury Demand, CoorsTek subjected Plaintiff to less-favorable terms and conditions of employment because of her age, including but not limited to subjecting Plaintiff to disproportionate scrutiny, holding Plaintiff to higher standards than her younger male peers, subjecting Plaintiff to undeserved discipline, and terminating Plaintiff's employment without basis.

79.     The effect of Defendant's practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment status because of her age and because of her complaints of discrimination.

80.     Defendant's unlawful employment practices were intentional.

81.     Defendant engaged in the unlawful employment practices described above with malice or with reckless indifference to Plaintiff's federally-protected civil rights.

82.     Defendant's unlawful acts toward Plaintiff have caused and continue to cause Plaintiff damages and injuries, including pain and suffering, inconvenience, emotional distress, humiliation, embarrassment, impairment of quality of life, past and future economic losses, including loss of earnings and loss of earning capacity, and other losses.

### FOURTH CLAIM FOR RELIEF
(Retaliation in violation of the ADEA, 29 U.S.C. § 621 *et seq*.)

83.     Plaintiff incorporates all allegations in this Complaint and Jury Demand into this Fourth Claim for Relief.

84.     Plaintiff engaged in protected activity under the ADEA on several occasions during her employment by (a) verbally complaining to Ms. Lockridge about paying an older female employee under market value; (b) verbally objecting to Ms. Lockridge's preferential treatment towards younger male candidates for employment in the position of Senior Communications Specialist; and (c) by verbally complaining to Ms. Lockridge about hiring a younger male with less experience at a higher salary than an older female with more experience.  In doing so, Plaintiff opposed age discrimination against an individual employee and opposed sex discrimination in hiring at CoorsTek, practices made unlawful by the ADEA.

85.     Defendant knew that Plaintiff had engaged in protected activity under the ADEA by complaining about age discrimination in hiring and pay.

86.     After Plaintiff objected to the discriminatory practices at CoorsTek Defendant retaliated against Ms. Gorman-Smith, subjecting Plaintiff to undeserved discipline, and terminating Plaintiff's employment without basis. Plaintiff's discipline and termination by Defendant was directly causally related to her repeated engagement in protected activity.

87.     A reasonable employee would find undeserved discipline and termination of employment, to be materially adverse employment actions.

88.     The effect of Defendant's practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment status because of her age and because of her complaints of discrimination and retaliation.

89.     Defendant's unlawful employment practices were intentional.

90.     Defendant engaged in the unlawful employment practices with malice or with reckless indifference to Plaintiff's federally-protected civil rights.

91.     Defendant's unlawful acts toward Plaintiff have caused and continue to cause Plaintiff damages and injuries, including pain and suffering, inconvenience, emotional distress, humiliation, embarrassment, impairment of quality of life, past and future economic losses, including loss of earnings and loss of earning capacity, and other losses.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests:

1.     That this Court assume jurisdiction;

2.     That this Court enter judgment in Plaintiff's favor and against Defendant;

3.     That this Court declare the actions of Defendants described in this Complaint and Jury Demand to be in violation of Title VII of the Civil Rights Act of 1964;

4.     That this Court declare the actions of Defendants described in this Complaint and Jury Demand to be in violation of the ADEA;

5.     That this Court award Plaintiff all appropriate relief at law and equity, including but not limited to back pay with pre-judgment interest, front pay, a gross-up

adjustment for taxes and any subrogation interests and all other make whole relief, including all available consequential/compensatory/liquidated damages;

6.      That this Court grant compensatory and consequential damages against Defendant, including but not limited to damages for emotional distress, humiliation, embarrassment, loss of income and enjoyment of life, and other pain and suffering on all claims by law in the amount to be determined at trial against the Defendant, as allowed by law;

7.      That this Court grant exemplary and/or punitive damages as allowed by law.

8.      That this Court award Plaintiff her attorney fees and costs of this action, including expert witness fees, on all claims allowed by law;

9.      That this Court award pre-judgment and post-judgment interest at the highest lawful rate; and

10.      That this Court award such additional or alternative relief as may be just, proper and equitable.

## **JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 22nd day of April, 2021 by:

LOWREY PARADY LEBSACK, LLC

/s/ Mary Jo Lowrey
Mary Jo Lowrey
1490 N. Lafayette St., Ste. 304
Tel: (303) 593-2595
Fax: (303) 502-9119
Email:  maryjo@lowreyparady.com
Attorney for Plaintiff

Plaintiff's Address:    Faithe Gorman-Smith
10631 W. 35th Place
Wheat Ridge, CO 80033